S. LIEBOVITZ & SONS, INC., Appellant, *v.* THE ROSENBERG-NEUGASS CO., INC., Respondent.

First Department, May 29, 1925.

Sales — action to recover back amount paid for cloth — payment was made on letter of credit — cloth delivered to warehouse did not conform to custom of trade that delivery should be made in sets of colors — plaintiff had right to maintain action after inspection showed that goods did not conform to contract — defendant's admission that deliveries did not conform to contract and that it could not have completed contract precludes question of fact.

A purchaser of cloth, which was paid for on a letter of credit on warehouse receipts, may maintain an action as for money had and received to recover back the purchase price, where it appears that an inspection at the warehouse showed that the goods did not conform to the contract, which included a custom of the trade to the effect that where cloth of different patterns is ordered in different colors, deliveries should be made in sets of colors.

The admission by the defendant that the deliveries did not conform to the custom, which was proven, and that it would not have been able to deliver the balance of the contract in equal sets, precludes any question of fact for the jury, even though it contended that where there was a letter of credit the custom did not exist in partial deliveries, for the testimony and admission by the defendant shows that it was never in a position to complete the order in accordance with the contract and custom and was never in a position to comply with the custom even as it conceived it to be.

BURR, J., dissents.

APPEAL by the plaintiff, S. Liebovitz & Sons, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of May, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of May, 1923, denying plaintiff's motion for a new trial made upon the minutes.

*Miller, Bretzfelder & Ruskay* [*Samuel Greenbaum* of counsel; *Cecil B. Ruskay* with him on the brief], for the appellant.

No appearance for the respondent.

McAVOY, J.:

The suit seeks to recover the sum of $15,474.08 which was paid by plaintiff's bank to the defendant, importers of silk, who had

presented certain warehouse receipts which under a letter of credit entitled them to receive the moneys. The ground upon which recovery of the money already paid out is sought is that the merchandise placed in the warehouse by the defendant did not conform to the contract between the parties, and did not constitute a good delivery, and that defendant, therefore, was not entitled to be paid.

There are two causes of action alleged in the complaint for different sums. Both are alike, except that in each cause of action a different kind of goods is the subject-matter of the contract.

The plaintiff sets forth that it is a manufacturer and vendor of men's shirts; that it agreed to buy from defendant 180 pieces of " Jacquard Habutai," which is a satin-stripe material. Plaintiff also agreed to buy 180 pieces of silk and cotton shirting. The order for " Jacquard Habutai " is the basis of the first cause of action, and the order for 180 pieces of " silk and cotton shirting " is the basis of the second cause of action. The material was to be made up in different patterns designated by numbers which were 100, 101, 102. Each pattern number was followed by the letters A, B and C, which represented different colors. In each cause of action, it is said that an equal number of pieces of each pattern were ordered.

The agreement required the plaintiff to procure one domestic letter of credit to cover all the goods ordered, and this was issued.

The complaint then sets forth that there was a universal custom in the trade that deliveries were to be made in equal color assortments, that is, each pattern was to be delivered in sets, a set consisting of three colors of each pattern; and it is set forth that this custom was part of the agreement.

The defendant, it is said, received from the bank issuing the letter of credit the sums of $8,050.70 and $7,423.38 for shipments purporting to comply with the agreement; that the shipments did not comply with the terms of the agreement; that upon the discovery of this plaintiff notified defendant of its failure to comply with the terms of the agreement, refused to accept the goods, offered to return them, and did return the warehouse receipts, and demanded a return of the moneys received under the letter of credit by defendant.

The answer admits the issuance of the letter of credit, the receipt of the two sums of money and the failure to return the same, but denies the rest of the allegations in the complaint.

Generally the issue, therefore, is whether or not the goods tendered on March 23, 1920, conformed to the contract. The proof is not contradicted that the deliveries were not in equal sets between

the date of the making of the contract in August, 1919, and March 31, 1920, which was the date of the expiration of the contract. The defendant made various deliveries under the contract. In all seven such deliveries were made. In six of these deliveries the defendant recognized by its conduct the existence of the custom claimed by plaintiff, which custom, it is claimed, required the defendant to deliver the material ordered in equal sets, that is, an equal number of pieces of each color of a given pattern. These six shipments complied with the custom, and each was accepted and paid for.

The shipment of March 23, 1920, is that upon which the controversy arose. That shipment was for a total sum of $27,492.80 for the goods, and this total was paid. The plaintiff accepted part, and it seeks to recover the amounts charged to its account, which were paid for patterns which were delivered without being separated into equal sets.

It is obvious from the invoices that the defendant did not deliver complete sets, and the defendant offered no proof that the patterns on the two invoices involved were in sets. On March 23, 1920, when the defendant informed plaintiff that it had sent the goods to the warehouse and had drawn on the bank which had issued a letter of credit for the goods, plaintiff wrote that it considered that the goods were improperly packed, and that it would reject the shipment. The letter states as follows:

" We note from the invoices that you have seen fit to place in storage for our account incomplete sets which are utterly valueless to us, as you well know.

" Under these circumstances, we will not accept these goods in storage."

None of these goods known as " Habutai " and " Silk and Cotton Shirting " had been theretofore delivered by the defendant under these orders, and defendant's witness admitted that the entire order would not be completed for delivery until the latter part of May, although the contract period expired March 31, 1920.

The proof of custom upon which the plaintiff relied to show that the goods which were shipped to it did not conform to the contract, as regulated by this custom, was divided into documentary evidence showing the conduct of the defendant prior to the shipment complained of and the oral evidence of experts. The documents show that all the shipments, including part of the one in question, were made by defendant, so that each pattern, even on partial deliveries, was delivered in sets. This indicated by the conduct of defendant a recognition of the custom which the plaintiff

10

claimed.    Five witnesses also testified for the plaintiff on this subject, and each testified, in effect, that there was a well-established and well-recognized custom of the trade in the year of the contract that goods ordered, as were these goods, under designated pattern numbers with colors indicated, A, B, and C, when so ordered, were to be shipped in equal sets of three colors of each pattern; and it was testified that this custom was well known, particularly with regard to the sale of merchandise in the shirt trade.

·Defendant's testimony with respect to this consisted exclusively of that given by the president and general manager of the defendant corporation.    He did not deny the custom that plaintiff's witnesses testified to, but claimed that where the terms of payment provided for a letter of credit, no such custom was followed.    He further testified that there was no custom to deliver in equal sets in partial deliveries where the goods were being delivered under a general letter of credit, but that it was necessary that when the order was completed there should be full sets delivered.    He also stated that while the goods on one contract were due in February, and in the other at the end of March, 1920, he would not be able properly to ship the entire order of goods before the latter part of May, 1920. On this admission the defendant was not able to perform the contract, either in accordance with the custom claimed by the plaintiff, or in accordance with its own notion of the obligations it imposed.

With this view of the case, at the close of the evidence, both sides moved for the direction of a verdict.    The court then directed a verdict for the defendant, to which ruling the plaintiff excepted and moved to have the case sent to the jury.    The court ultimately sent the case to the jury, and the jury brought in a verdict for the defendant.    Plaintiff moved to set it aside, but the motion was denied and exception taken.

Our conclusion is that, under the form of action brought here for money had and received, although the plaintiff was required to pay for the goods before inspection, if upon inspection the goods were discovered not to conform to the contract, it is entitled to recover the payment which it made.

Upon the admissions of defendant's own manager there was no question of fact for the jury.    He admitted that the deliveries did not conform to the custom.    He admitted that he would not have been able to deliver the balance of the contract in equal sets. His qualification that where there was a letter of credit the custom did not exist in partial deliveries, is not material, because upon his own testimony the custom required the delivery in full sets in any event when the order was completed.    The testimony of this witness shows that the defendant was never in a position to com-

plete the order in accordance with the contract, and thus was never in a position to comply with the custom even as he conceived it. His testimony is as follows: " Q. Were you ready and willing and able in this instance to ship to them the entire order of goods some time in April? * * * A. No, it would probably have been the latter part of May before I could have completed it."

The judgment and order appealed from should be reversed, with costs, and judgment directed for the plaintiff, with costs.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur; BURR, J., dissents.

Judgment and order reversed, with costs, and judgment directed for the plaintiff, with costs.   Settle order on notice.